UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

GLENN LEE WARREN,　　　　　 )
　　　　　　　　　　　　　　 )
　　　Plaintiff,　　　　　　 )
　　　　　　　　　　　　　　 )　　　No. 5:21-CV-68-REW
v.　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　 )　　　OPINION AND ORDER
KILOLO KIJAKAZI, ACTING　　 )
COMMISSIONER OF SOCIAL　　　)
SECURITY,　　　　　　　　　 )
　　　　　　　　　　　　　　 )
　　　Defendant.　　　　　　 *** *** *** ***

Before the Court is Plaintiff Glenn Lee Warren's motion for attorney's fees pursuant to the

Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1]  *See* DE 27 (Motion); 28 (Affidavit).

Commissioner Kilolo Kijakazi opposes the motion as to the number of hours sought.  *See* DE 30

(Response).  For the following reasons, Warren's motion is **GRANTED** in part and **DENIED** in

part.

## I.　　　Background

On April 22, 2022, the Court remanded the underlying case pursuant to sentence four of

42 U.S.C. § 405(g).[2]  *See* DE 25 (Order); 26 (Judgment).  Now, Warren seeks a total of $8,406.72

---

[1] The EAJA provides, in relevant part:

　　　[A] court shall award to a prevailing party other than the United States fees and
　　　other expenses, in addition to any costs awarded pursuant to subsection (a), incurred
　　　by that party in any civil action . . . including proceedings for judicial review of
　　　agency action, brought by or against the United States in any court having
　　　jurisdiction of that action, unless the court finds that the position of the United
　　　States was substantially justified or that special circumstances make an award
　　　unjust.

28 U.S.C. § 2412(d)(1)(A).

[2] The statute provides, in relevant part:

in fees under the EAJA, representing 34.6 hours of attorney work at an hourly rate of $214.29, 1.8 hours of attorney work at an hourly rate of $229.05,[3] and 8 hours of paralegal work at an hourly rate of $100.  *See* DE 28; 31 at 6 (Reply).  The motion is timely.[4]  *See* 28 U.S.C. § 2412(d)(1)(B).  Further, based on the Court's sentence-four remand, Warren qualifies was the "prevailing party" under the EAJA and, thus, is entitled to a fee award.  *See Shalala v. Schaefer*, 113 S. Ct. 2625, 2632 (1993) ("[A] party who wins a sentence-four remand order is a prevailing party.").  Finally, Warren establishes that he is an individual "whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]"  *Id.* § 2412(d)(2)(B).

While the Commissioner agrees that Warren is entitled to a fee award, she argues that the number of hours should be reduced to 30 hours of attorney time and 4.2 hours of paralegal time.  *See* DE 30 at 1.  The Commissioner further claims that Warren is not entitled to the 1.8 hours of attorney work for preparing the fee-application reply brief.  *See id.*  The matter is fully briefed and ripe for review.  *See* DE 27; 28; 30; 31.

---

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g) (sentence four).

[3] In his initial motion, Warren requested a total $8,214.42 in fees, representing 34.6 hours of attorney work at an hourly rate of $214.29 and 8 hours of paralegal work at an hourly rate of $100.  *See* DE 28.  However, upon filing his reply, Warren sought an additional $412.29, representing 1.8 hours of attorney work in preparing the reply at an hourly rate of $229.05.  *See* DE 31 at 6 (Reply).

[4] The EAJA requires fee request submission "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).  In this context, "final judgment" refers to expiration of Warren's appeal time, *see Feldpausch v. Heckler*, 763 F.2d 229, 232 (6th Cir. 1985), which occurred 60 days after the Court's April 22, 2022 Judgment (DE 26).  *See* Fed. R. App. P. 4(a)(1)(B)(ii) (providing that a party may appeal "within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States agency").  Warren's fee motion was timely filed on July 12, 2022, within 90 days of DE 26.

## II.     Analysis

Under the EAJA, an award of attorney's fees must be reasonable.  28 U.S.C. § 2412(b).

"[T]he EAJA clarifies that the amount of fees is based on the *prevailing market rate* and 'attorney

fees shall not be awarded in excess of $125 per hour unless the court determines that an increase

in the cost of living or a special factor . . . justifies a higher fee." *Cochran ex rel. Cochran v.*

*Comm'r Soc. Sec.*, 83 F. App'x 965, 967 (6th Cir. 2020) (quoting *Bryant v. Comm'r Soc. Sec.*, 578

F.3d 445, 450 (6th Cir. 2009)).  The claimant bears the burden of producing "appropriate evidence

to support the requested increase." *Bryant*, 57 F.3d at 450.[5]  *Id.*

### A.  Attorney Hours

The Court first analyzes the reasonableness of the requested 34.6 attorney hours.  The

Commissioner argues Warren's request is unreasonable and should be reduced to 30 hours.  *See*

DE 30 at 1.  As grounds, the Commissioner asserts that Warren's opening brief was only 15 pages

---

[5] The EAJA statutory rate is $125, *see* 28 U.S.C. § 2412(d)(2)(A)(ii), and Warren requests an hourly rate of $214.29, *see* DE 27.  The Commissioner does not object.  *See* DE 30.  Still, the Sixth Circuit has cautioned "district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).  Though the Court has discretion to consider a rate increase and award one if the circumstances so justify, the "statutory rate is a ceiling and not a floor[.]" *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  The party seeking a higher hourly rate has the burden of establishing that it is warranted.  *See Blum v. Stenson*, 104 S. Ct. 1541, 1548 (1984).  The claimant must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation." *Chipman*, 781 F.2d at 547.  The "community" refers to "the same metropolitan area as the one in which the case was brought." *Kalar v. Astrue*, No. 10-428-JBC, 2012 WL 2873815, at * 1 (E.D. Ky. July 13, 2012).  In this instance, Warren justified the increased rate.  He includes the U.S. Bureau of Labor Statistic's Consumer Price Index Inflation Calculator, showing that the buying power in 1996 (*i.e.*, the year of the EAJA's inception) equates to $214.29 in 2021.  *See* DE 28-1 at 2-3.  Further, he attached affidavits from two Eastern District of Kentucky lawyers, both indicating that the typical and comparative hourly rate in the community falls between $200 and $500.  DE 28-2; 28-3.  In fact, this Court recently approved an increased hourly rate of $214.29.  *See Bland v. Soc. Sec. Admin.*, No. 5:21-cv-179-REW (E.D. Ky. 2022).

and raised a "straightforward" argument that is common in Social Security disability appeal cases. *Id.* at 2.   Additionally, the Commissioner contends that it was unreasonable to bill 1 hour[6] for "receiving and reviewing a summons issued, a summons returned, two notices of appearance, a two-page answer, four orders granting motions for extension of time, and an order granting the motion for remand" because these are standard documents and Warren did not take any action in response to them.  *Id.* at 3.

Alternatively, Warren maintains that 34.6 hours is reasonable.  First, Warren argues it is inconsequential that his brief was 15 pages long because the scheduling order in the case imposed a 15-page limit.  *See* DE 31 at 1.  Moreover, Warren notes that the attorney spent 22.5 of these 34.6 hours reviewing and summarizing the record in preparation of the brief, which Warren claims was appropriate given the record totaled 2,150 pages, including 1,691 pages of medical documentation.  *See id.* at 2.  Further, he argues it was reasonable to bill an additional 6.6 hours to research and draft the brief.  *See id.*  As for the time spent reviewing documents and Court orders, Warren submits that counsel "exercised appropriate billing judgment" by billing for only 12 of the 25 docket entries.  *Id.* at 3.

To determine what constitutes a reasonable amount of time, "[t]he relevant question is not what is required in *most* social security cases, but what did *this* case require."  *Glass v. Sec'y of*

---

[6] Here, the Commissioner purports to challenge 0.8 hours.  *See id.* at 3.  However, based on the referenced billing record, documents, and dates, the Court believes the Commissioner actually takes issue with 1.0 hours.  The Commissioner challenges billing entries on 8 different dates: 3/15/2021, 3/31/2021, 7/16/2021, 7/19/2021, 11/16/2021, 1/14/2022, 3/18/2022, and 4/25/2022. *See id.* (referencing DE 28-5).  On 7 out of these 8 dates, the attorney billed for 0.1 hours.  *See* DE 28-5 at 2-3.  However, on 7/16/2021, the attorney billed for 0.2 hours—0.1 for reviewing a notice of appearance, and 0.1 for reviewing a motion for an extension of time.  *See id.* at 2.  This brings the total hours to 0.9.  Further, the Commissioner references *two* notices of appearances, but only one of the dates mentioned, 7/16/2021, bills for reviewing a notice of appearance.  *See id.*  The second and only other time the attorney billed for reviewing a notice of appearance was on 4/29/2021.  *See id.*  There, the attorney billed 0.1 hours.  *See id.*  This brings the total hours to 1.0.

*Health & Human Servs.*, 822 F.2d 19, 2 (6th Cir. 1987).  As noted above, the burden is on the party requesting the fees to establish that the hours billed were reasonably expended.  *See Bryant*, 578 F.3d at 450.  The Court is not required to "blindly accept counsel's assertion that a number of hours were spent working on a case."  *Glass*, 822 F.2d at 21.

Upon review the billing record submitted by Warren, the Court finds that Warren is entitled to reimbursement for 34.6 hours of attorney work.  The time claimed for each task is reasonable and does not suggest a lack of billing judgment.  First, while Warren's brief was only 15 pages, the record was voluminous and included over 1,500 pages of medical documents.  The Court does not find it "excessive, redundant, or otherwise unnecessary" for an attorney to spend 22.5 hours reviewing and synthesizing a record of this magnitude.  Second, regarding the one hour Warren billed for reviewing documents and Court orders, each entry in the billing record is granular, billing only 0.1 hours for a task.  *See* DE 28-5 at 2-3.  It is quite reasonable to spend roughly six minutes reviewing material pertinent to representation, even when the document does not prompt a response.  Additionally, the fact that counsel billed 0.0 hours for 16 entries further exemplifies meticulous, efficient, and purposeful record-keeping.  *See id.*  In sum, the Court concludes that Warren is entitled to fees representing 34.6 hours of attorney time.  An attorney responsibly drawn to the docket must spend the time needed in diligent monitoring and tending to tasks.  Multiplying these hours by an hourly rate of $214.29 entitles Warren to $7,414.43 in attorney's fees.

### B.  Paralegal Hours

Next, the Court turns to the reasonableness of the 8 paralegal hours.  The Commissioner submits that, at minimum, 3.8 of the requested paralegal hours are for clerical tasks not compensable under the EAJA.  *See id.* at 4.  Specifically, the Commissioner objects to: (1) the 2.2 hours spent downloading and combining files; (2) the 0.6 hours spent receiving, reviewing, and

processing files from the referral source; (3) the 0.3 hours spent corresponding with the referral source; and (4) the 0.7 hours spent preparing the EAJA motion.  *See id.*

In response, Warren conceded that the 2.2 hours spent preparing the administrative record constitute clerical work and agreed to reduce the requested fees by this amount.  *See* DE 31 at 5. However, as to the remaining 1.6 paralegal hours the Commissioner challenges, Warren maintains that they are compensable.  *See id.* at 4-5.  Warren first argues that the 0.6 hours spent receiving, reviewing, and processing files is not clerical work because it required legal knowledge.  *See id.* at 4.  In support, Warren indicates that the paralegal reviewed the files "to ensure all administrative appeals have been exhausted and the case can be filed in federal court . . . . [and that] everything needed for attorney review has been received."  *Id.*  Next, Warren avers that the 0.3 hours spent conferring with the referral source is not clerical work because here, the paralegal explained the issues briefed to assure that the case would not return to federal court on the same issue.  *See id.* at 5.  Finally, as to the 0.7 hours spent creating the EAJA motion, Warren contends that preparing the motion, memorandum, and exhibits also required legal knowledge.  *See id.*

Regardless of who performs them, "[p]urely clerical tasks are not compensable under the EAJA."  *Lay v. Astrue*, No. 10-346-DLB, 2012 WL 5988822, at *5 (E.D. Ky. Nov. 29, 2012).  A clerical task is one that does not require legal knowledge, "such as filing motions, preparing or reviewing summons, and receiving and filing correspondence."  *See id.*  Comparatively, paralegal tasks are compensable under the EAJA "to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client."  *Jarvis v. Comm'r of Soc. Sec.*, No. 1:07-CV-450, 2008 WL 2757608, at *3 (W.D. Mich. Jan. 8, 2008); *see also Richlin Sec. Serv. Co. v. Chertoff*, 128 S. Ct. 2007, 2019 (2008) ("EAJA . . . must be interpreted using the term 'attorney . . . fees' to reach fees for paralegal services[.]").

6

As an initial matter, because Warren concedes that the time spent preparing the administrative record is clerical work, the Court need not address the Commissioner's objection to those hours. Accordingly, the Court reduces the paralegal fees by $220 to account for the 2.2 hours billed for that task. Next, turning to the Commissioner's objection to the 0.3 hours spent conferring with the referral source, the Court agrees that this time is clerical work. Although the paralegal conveyed information about a legal proceeding, this task does not require substantive legal knowledge and is more akin to "receiving and filing correspondence." *See, e.g.*, *Whitaker v. Kijakazi*, No. 5:21-CV-163-CHB, 2022 WL 3449474, at *3 (E.D. Ky. Aug. 17, 2022) ("[P]aralegal communications with a referral source are not compensable under the EAJA."); *Zupp v. Comm'r of Soc. Sec.*, No. 2:14-CV-2545, 2016 WL 11509668, at *2 (S.D. Ohio Aug. 16, 2016) ("Drafting a letter of a referral source . . . does not involve legal knowledge."); *Miller v. Colvin*, No. 3:15-CV-501, 2016 WL 727180, at *1 (M.D. Pa. Feb. 19, 2016) (finding correspondence with the referral source not compensable under the EAJA because the task "had no real connection to advancing [p]laintiff's cause[.]").

Further, regarding the 0.6 hours spent receiving, reviewing, and processing files, the Court disagrees with the Commissioner's claim that this is a clerical task. While this may involve some clerical work, "tasks that involve *at least some* legal knowledge to accomplish may be compensable under the EAJA even if the tasks also involve clerical or secretarial work." *Pierce v. Astrue*, No. 3:10-CV-00349, 2012 WL 4471155, at *1 (S.D. Ohio Sept. 26, 2012) (emphasis added). To be sure, confirming that filings are procedurally proper and substantively complete requires knowledge of the law. *See id.* (finding that reviewing a transcript and checking the docket is "more than purely clerical task" because it requires the reviewing party to "determine not only what evidence and material it contained but also whether it was complete"). Lastly, the Court also

7

disagrees with the Commissioner's argument that the 0.7 hours spent preparing Warren's EAJA motion is not compensable.  Attorneys typically prepare memoranda and compile exhibits on behalf of clients, and preparing an EAJA motion requires at least some substantive legal knowledge.  *See, e.g.*, *Whitaker*, No. 5:21-CV-163-CHB, 2022 WL 3449474, at *3 ("[T]he remaining 0.9 hours [are] . . . compensable under the EAJA because they were spent finalizing Whitaker's Motion for Attorney Fees."); *Jordan v. Comm'r Soc. Sec.*, No 1:17-CV-33, 2017 WL 6451887, at *3 (N.D. Ohio Dec. 18, 2017) (finding that preparing an EAJA motion is compensable).

Given the above findings, the Court reduces the requested paralegal hours by 2.5 hours.  Accordingly, the total paralegal hours compensable under the EAJA is 5.5 hours.  At an hourly rate of $100, this totals to $550.

### C.  Reply Brief

Lastly, the Court addresses whether Warren is entitled to additional fees for the 1.8 hours spent drafting a reply brief, post-EAJA motion.  Warren filed his EAJA motion on July 12, 2022, *see* DE 27, the Commissioner responded on August 12, 2022, *see* DE 30, and Warren replied on August 17, 2022, *see* DE 31.  Accordingly, Warren requested compensation for an additional 1.8 hours to reflect the time spent preparing the reply.  *See* DE 31 at 6.  The Commissioner claims this time is not compensable under the EAJA because Warren initially requested compensation for an "unreasonable" number of hours, necessitating the Commissioner's objection, and accordingly, the need to file a reply brief.  *See id.*  The Commissioner further argues that awarding fees "would *reward* counsel" for unreasonably protracting the proceedings.  *Id.* (emphasis in original).

Under the EAJA, an award for attorney's fees includes "the fees incurred by the prevailing party in protecting that fee award in subsequent litigation by the government over the propriety or

8

amount of the EAJA fee award, even if the position taken by the government in opposing the fee award is substantially justified." *Spurlock v. Sullivan*, 790 F. Supp. 979, 982 (N.D. Cal. 1992); *see also Comm'r I.N.S. v. Jean*, 110 S. Ct. 2316, 2323 (1990) (finding EAJA allows an award of fees for services rendered during fee litigation because "Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute"); *Gunther v. Comm'r of Soc. Sec.*, 943 F.Supp.2d 797, 805-06 (N.D. Ohio 2013) ("The time expended upon fee applications and on reply briefs in response to the Commissioner's opposition to such an application is recoverable.").

In this instance, the Court finds that the 1.8 hours spent reviewing a six-page response and drafting a six page reply is compensable.  The Commissioner correctly notes that the EAJA does not permit a "fees for fees" award where "the party has unreasonably protracted the proceedings." *Jean*, 110 S. Ct. at 2320 (citing 28 U.S.C. § 2412(d)(2)(D)); *see also Dowsing v. Berry Hill*, No. 2:14-CV-02675-CGC, 2019 WL 124847, *4 n.1 (W.D. Tenn. Jan. 7, 2019).   While the Commissioner's response did raise some valid objections to Warren's EAJA motion, the Court cannot agree that this implies Warren "unreasonably protracted the proceedings."  Indeed, based on the above findings, it is evident that Warren's initial motion has merit and was not wholly unreasonable.  Even the Commissioner agrees that Warren is entitled to *some* fees.  *See* DE 30 at 1.  Moreover, Warren replied to the Commissioner's response within five days, which does not suggest that Warren "unreasonably protracted the proceedings."  *See Dowsing*, No. 2:14-CV-02675-CGC, 2019 WL 124847, *4 n.1 (noting that because plaintiff replied within eight days of the Commissioner's response, "the Court does not believe there is any basis to conclude that Plaintiff 'has unreasonably protracted the proceedings in requesting supplemental fees").

Accordingly, Warren is entitled to the addition 1.8 hours at an hourly rate of $229.05,[7] totaling $412.29.  There were issues of proper objection, but the Commissioner also raised matters that failed.  The Court views the time spent resolving the issue, via reply, as compensable.

### III.   Conclusion

For the reasons discussed, the Court **ORDERS** as follows:

1. The Court **GRANTS** in part and **DENIES** in part DE 27, on the terms here outlined;

2. The Court awards, under the EAJA, compensation for 34.6 hours of attorney work at an hourly rate of $214.29, 5.5 hours of paralegal work at an hourly rate of $100, and 1.8 hours of attorney work at an hourly rate of $229.05, for a total fee award of $8,376.72; and

3. The EAJA fee award shall be directly payable to Plaintiff, under 31 U.S.C. § 3716, per *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).[8]

This the 15th day of November, 2022.

Signed By:

*Robert E. Wier*

**United States District Judge**

---

[7] This is an increase from the hourly rate of $214.29.  *See* DE 27.  The Court recognizes that because the hourly rate of $229.05 was first raised in Warren's reply brief, *see* DE 31, the Commissioner did not have an opportunity to address the increase.  That said, the Commissioner did not object to the hourly rate of $214.29 and Warren's evidence supporting the hourly rate of $214.29 also supports the incrementally increased hourly rate of $229.05.  *See* DE 28-1; 28-2; 28-3.

[8] Defendant noted that Plaintiff did not submit any documents indicating that she assigned her rights to the EAJA fees to her attorney.  *See* DE 24 at 2 n.2.  Plaintiff did not contest this characterization in reply.